KM/CNB LIB.22185

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LATARSHA LYNETTE BREWER,<br><br>        Plaintiff,<br><br>v.<br><br>SAMUEL J. WILLIAMS and HMT LLC,<br><br>        Defendants. | Court No. 22-cv-2546 |

## NOTICE OF REMOVAL

Defendant, HMT LLC, by its attorneys, Kimberlee Massin and Casey N. Brown of BEST, VANDERLAAN & HARRINGTON, hereby provides notice pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, of its removal of Case No. 2022 M4 001177 from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and as grounds for removal, states as follows:

### Statement of the Case

1. On March 8, 2022, Plaintiff LATARSHA LYNETTE BREWER filed a Complaint at Law in the Circuit Court of Cook County, styled *LATARSHA LYNETTE BREWER vs. SAMUEL J. WILLIAMS and HMT,* Case No. 2022 M4 001177, pending in the Fourth District Municipal Department of the Circuit Court of Cook County. A copy of the Complaint is attached hereto as Exhibit A.

2. With leave of Court, on May 11, 2022, Plaintiff filed a First Amended Complaint, changing Defendant HMT to Defendant HMT LLC. A copy of the First Amended Complaint is attached hereto as Exhibit B.

3. Plaintiff's First Amended Complaint seeks recovery related to personal injury and damages allegedly sustained in a motor vehicle accident on or about April 19, 2020 along

and upon Briggs Street, south of the intersection with Bruce Road, in Lockport, Will County, Illinois. (See *id.*). Plaintiff alleges that a certain motor vehicle, owned by Defendant HMT LLC ("HMT") and operated by Defendant SAMUAL J. WILLIAMS ("WILLIAMS") collided with the Plaintiff's vehicle, causing the Plaintiff to expend money for medical care and attention, sustain a loss of income/wages, incur pain and suffering, and suffer disability and/or loss of normal life. (See *id.*).

4. HMT denies all material allegations of Plaintiff's First Amended Complaint.

**Removal Based on Diversity of Citizenship Under 28 U.S.C. § 1332(a)**

5. This Court has jurisdiction over this matter under 28 U.S.C § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and more than $75,000, exclusive of interest and costs, is in controversy.

6. Plaintiff is a citizen of the State of Illinois.

7. Defendant HMT is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in The Woodlands, Texas and is not a corporation created or organized under the laws of the State of Illinois, nor does it have its principal place of business in the State of Illinois. Defendant HMT is a citizen of the States of Delaware and Texas.

8. Defendant WILLIAMS is a citizen of the State of Missouri.

9. Accordingly, there is complete diversity between Plaintiffs and Defendants in this action.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the subject motor vehicle accident and, thus, a substantial part of the events giving rise to the claim occurred in Lockport, Will County, Illinois. See also 28 U.S. Code § 93(a)(1).

11. The United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, where this action was originally filed, as well as the Circuit Court of Will County, Illinois, where the alleged subject motor vehicle accident occurred. 28 U.S. Code § 93(a)(1).

12. Further, the amount in controversy involves more than $75,000.00, exclusive of interest and costs, and the sum demanded in Plaintiff's pleading should not be deemed to be the amount in controversy pursuant to 28 U.S.C § 1332(c)(2)(A)(ii).

13. While Plaintiff demands in the Complaint "judgment against the Defendants… in a sum less than Seventy Five Thousand Dollars ($75,000.00) plus her costs of suit", the State of Illinois does not permit a demand for a specific sum in a personal injury action. See 735 ILCS 5/2-604.2. "In a personal injury action, a party may not claim an amount of money unless necessary to comply with the circuit court rules about where a case is assigned." *Id.* There is no circuit court rule necessitating the plea set forth in Plaintiff's pleading. As such, Plaintiff's specification of damages is not allowed. Thus, pursuant to 27 U.S.C. 1446 (c)(2), the sum demanded in the civil action is not reflective of the amount in controversy, but instead, under 27 U.S.C. 1446 (c)(2)(A)(ii), the notice of removal may assert the amount in controversy.

14. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.,* 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing

3

affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427-28 (7th Cir. 1997).

15. In that regard and in support thereof, on August 19, 2021, counsel for Plaintiff tendered settlement demand correspondence with respect to the subject claim, setting forth medical specials incurred by Plaintiff of $134,457.18 and a wage loss claim of $66,747.20, together totaling $201,204.37. Counsel for Plaintiff does not contest that Plaintiff's special damages exceed $75,000.00. See email correspondence to Plaintiff's counsel attached hereto as Exhibit C.

16. Based on information obtained to date, Plaintiff is claiming the following injuries: neck pain with radiation to the mid-back and bilateral shoulders and a Grade 4 posterior annular tear at C6-C7. Plaintiff is also claiming injections, medial branch blocks, medial branch radiofrequency ablation, a disc decompression at C5-C6, and a C5-C6 and C6-C7 anterior cervical discectomy and fusion. (See *id.*).

17. As such, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C § 1332(a) and removal is proper under 28 U.S.C § 1332(c)(2)(A)(ii).

18. Moreover, removal is timely under 28 U.S.C. § 1446(b)(1).

19. HMT was served with the summons and Complaint through its registered agent (i.e., Corporation Service Company.) on April 13, 2022. Affidavit of service is attached hereto as Exhibit D.

20. As HMT is filing this Notice of Removal on May 13, 2022, less than thirty (30) days after it was served with a copy of the Plaintiff's Complaint, removal is timely. (See 28 U.S.C. § 1446(b)(1)).

21. For the foregoing reasons, the District Court for the United States, Northern, Illinois, Eastern Division, has original jurisdiction over this civil lawsuit, and removal is timely and appropriate, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. (See 28 U.S.C. § 1332(a); § 1441).

22. Defendant HMT attaches as Exhibit E a copy of all process, pleadings, and orders in the State Court action.

23. Upon receiving a file-marked copy of this Notice of Removal, HMT will serve a file-marked copy of this Notice of Removal upon counsel for Plaintiff and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendant, HMT LLC, respectfully removes this case to the United States District Court for the Northern District of Illinois, and hereby requests that the filing of this notice of removal shall affect the removal of said civil action to this Court.

                                      Respectfully submitted,
                                      **HMT LLC,**

                                      By: /s/ Casey N. Brown_____
                                                 One of its attorneys

Kimberlee Massin #6216497
Casey N. Brown #6320363
**Best, Vanderlaan & Harrington**
25 E. Washington St., Suite 800
Chicago, IL 60602
(312) 819-1100
(312) 819-8062 (Fax)
Per Supreme Court Rule 11, E-Service is accepted only at: **eservice@bestfirm.com**

## **CERTIFICATE OF SERVICE**

     I, the undersigned, state that I caused copies of the foregoing to be served, with enclosures referred to thereon, if any, by **Email** to the attorney of record at the address of record from 25 E. Washington St., Suite 800, Chicago, IL on May 13, 2022.

                                                  /s/ Casey N. Brown

Re: Brewer v. HMT LLC, et. al.
    Case No.: 2022 M4 001177
    BVH File No.:LIB.22185

## ATTORNEY SERVICE LIST

Louis Berns
Favil David Berns & Associates, LLC
lberns@fdbalaw.com
30 E. North Ave.
Northlake, IL  60164
(708) 562-1076/(708) 562-1340 (F)
Attorney for Plaintiff
Latarsha Lynette Brewer